(55 Misc. Rep. 272)

### WALKER v. LUDWIG.

(Supreme Court. Appellate Term.   June 27, 1907.)

COURTS—MUNICIPAL COURTS—JUDGMENTS—COMPLETE ADJUDICATION OF CONTROVERSY—COUNTERCLAIM EXCEEDING JURISDICTION.

Municipal Court Act, Laws 1902, p. 1540, c. 580, § 157, provides that a counterclaim may be interposed by a defendant for an amount exceeding the jurisdiction of the Municipal Court, but that a judgment thereon shall not be for a sum exceeding the jurisdiction of the court, and nothing in the section shall estop a defendant from bringing an action against the plaintiff for the difference between the sum of the court's jurisdiction and the amount claimed by defendant, unless the judgment shall state that the sum awarded by the judgment is the whole amount found to be due. In an action in the Municipal Court, where there was a counterclaim which exceeded the jurisdiction of the court, judgment was rendered for defendant for $500 and costs, the limit of the court's jurisdiction, and the judgment recited that the judgment was for the whole amount due on the counterclaim. The evidence was sufficient to sustain a judgment for a larger amount, but neither party asked the court below, under Municipal Court Act, Laws 1902, p. 1563, § 254, to have the judgment modified or amended. *Held*, that plaintiff had no cause for complaint.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by W. Arthur G. Walker against Jacob E. Ludwig. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and SEABURY and BRADY, JJ.

Justus P. Sheffield, for appellant.
Fried & Czaki, for respondent.

BRADY, J.   The record herein shows that the plaintiffs, who are merchants doing business in England, accepted from the defendant in New York certain orders for a material called "Venetian," to be sold and delivered by them to defendant, according to sample and at prices agreed upon at the time of giving and accepting each order.   The first order was given and accepted about August 4, 1905, and was for 500 pieces, consisting of about 30,000 yards, at 8⅛ pence sterling per yard.   The second order was given and accepted about August 14, 1905, and was for 90 pieces, containing about 2,700 yards, at 9 pence per yard.   In addition to the price per yard the agreement contemplated that the defendant should pay the custom duties and charges.   Of the first order only 159 pieces were delivered, and the defendant claims that none were according to sample, that 152 pieces were taken back by plaintiff, and that the remaining seven pieces were not taken back, but are still held subject to plaintiff's order.   The second order of 90 pieces was delivered, but defendant claims that none were according to sample, and none were accepted by him, and all remain now subject to plaintiff's order.   The defendant paid the customs duties and charges on the whole 249 pieces delivered, as such payment was necessary before he could receive the goods for examination.   The plaintiff charges the defendant with the agreed price of the 249 pieces delivered, and credits him with the price of the 152 pieces accepted back and the duty paid by defendant on the said 152 pieces, and seeks to hold him for the difference, or £69. 10s., equal to $469.62.   The defendant sets up one counterclaim for $1,055.67, paid by him for customs duties and charges on 249 pieces; one for $750, alleged damages for breach of contract in failure to deliver the first order of 500 pieces according to sample; one for $162, for alleged damages for failure to deliver the second order of 90 pieces according to sample; and one for $288, for alleged damages for failure to deliver an order for 160 pieces.   The counterclaims for breach of contract are based upon a claim for the difference between the contract cost and the price for which defendant claims that he had a purchaser ready to take the goods, had the plaintiff delivered them as per sample.   The second counterclaim for $162, set up in the answer, was withdrawn.   The court, after a trial, ordered judgment for defendant and against the plaintiff for $500 damages, $17 interest, and $30 costs, and, pursuant to section 157 of the Municipal Court act (Laws 1902, p. 1540, c. 580), stated the amount of $500 to be the whole amount found to be due defendant on counterclaim.

It is difficult to determine just upon what theory or upon what basis of computation the court below arrived at the amount for which judgment was ordered.   The evidence, however, would justify the finding that none of the goods delivered by plaintiff were according to sample, and that the plaintiff was not entitled to recover anything therefor.   The evidence also warrants the finding that the defendant paid out for account of plaintiff the sum of $1,055.67 for customs duties and charges on all the goods delivered, but not according to contract, and yet held by defendant subject to plaintiff's order.   A correct judgment upon such theory would entitle the defendant to

a judgment on his counterclaim for a larger sum than $500; but he has not appealed, nor did either party apply to the court below to modify or amend the judgment, as permitted by section 254 of the Municipal Court act (Laws 1902, p. 1563, c. 580). Therefore, as defendant would be the party injured by error of the trial justice in fixing the amount of the judgment upon such counterclaim, the plaintiff has no cause of complaint. The suggestion that defendant might claim and sue plaintiff for a balance upon his counterclaim, and, the burden of proof being upon the party setting up the judgment as "res adjudicata," that the plaintiff would suffer by inability to show that the whole question of counterclaim was adjudicated herein, is answered by the provisions of section 157 aforesaid, which the trial justice evidently had in mind when he signed the judgment.

Judgment affirmed, with costs.

GILDERSLEEVE, P. J., and SEABURY, J., concur in result.